# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.
Date Purchased

FRANK LOPEZ,

Plaintiff,

-against -

FEDEJ GLOBAL CONCEPT LLC,
7 STARS EQUIPMENTS, LLC and
KEYAIRA JOHNSON,

Defendants.

Plaintiff designates Queens County as the place of trial.

# Summons

The basis of the venue is **Location of Accident**.

To the above named Defendant(s):

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York).

Upon your failure to appear, judgment will be taken against you by default for the sum of $5,000,000.00, with interest from February 5, 2021, and the costs of this action.

Dated: June 17, 2021

GABRIEL LAW FIRM
Attorney for Plaintiff
2 Lincoln Avenue
Rockville Centre, NY, 11570
(516) 360-9101

**Defendant(s)'s Address:**

FEDEJ GLOBAL CONCEPT LLC
13313 Baron Hill Lane
Rosharon, TX, 77583

7 STARS EQUIPMENTS, LLC
15014 Old Richmond Rd
Apartment 328
Sugar Land, TX, 77498

KEYAIRA JOHNSON
Address unknown

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

FRANK LOPEZ,

Plaintiffs,

-against -

FEDEJ GLOBAL CONCEPT LLC,
7 STARS EQUIPMENTS, LLC and
KEYAIRA JOHNSON,

Defendants.

Index No.

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, the GABRIEL LAW FIRM, complaining of the Defendant(s), respectfully shows to this Court and alleges:

**AS AND FOR A FIRST CAUSE OF ACTION**

1. At all relevant times, Plaintiff FRANK LOPEZ ("Plaintiff") was, and is, a resident of the County of Queens, City and State of New York.

2. At all relevant times, Defendant FEDEJ GLOBAL CONCEPT LLC was a foreign limited liability company.

3. At all relevant times, Defendant 7 STARS EQUIPMENTS, LLC was a foreign limited liability company.

4. At all relevant times, Defendant FEDEJ GLOBAL CONCEPT LLC was the owner of a 2013 Freightliner vehicle with Texas license plate K123806.

5. At all relevant times, Defendant FEDEJ GLOBAL CONCEPT LLC was the lessor of a 2013 Freightliner vehicle with Texas license plate K123806.

6. At all relevant times, Defendant FEDEJ GLOBAL CONCEPT LLC was the lessee of a 2013 Freightliner vehicle with Texas license plate K123806.

FILED: QUEENS COUNTY CLERK 06/17/2021 04:19 PM INDEX NO. 713879/2021
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 06/17/2021

7. At all relevant times, Defendant 7 STARS EQUIPMENTS, LLC was the owner of a 2013 Freightliner vehicle with Texas license plate K123806.

8. At all relevant times, Defendant 7 STARS EQUIPMENTS, LLC was the lessor of a 2013 Freightliner vehicle with Texas license plate K123806.

9. At all relevant times, Defendant 7 STARS EQUIPMENTS, LLC was the lessee of a 2013 Freightliner vehicle with Texas license plate K123806.

10. At all relevant times, Defendant KEYAIRA JOHNSON was an employee of Defendant FEDEJ GLOBAL CONCEPT LLC.

11. At all relevant times, Defendant KEYAIRA JOHNSON was an employee of Defendant 7 STARS EQUIPMENTS, LLC.

12. At all relevant times, Defendant KEYAIRA JOHNSON was the operator of a 2013 Freightliner vehicle with Texas license plate K123806.

13. At all relevant times, Defendant KEYAIRA JOHNSON was the operator of a 2013 Freightliner vehicle with Texas license plate K123806 with the knowledge and consent of Defendant FEDEJ GLOBAL CONCEPT LLC.

14. At all relevant times, Defendant KEYAIRA JOHNSON was the operator of a 2013 Freightliner vehicle with Texas license plate K123806 with the knowledge and consent of Defendant 7 STARS EQUIPMENTS, LLC.

15. At all relevant times, Defendant KEYAIRA JOHNSON was the operator of a 2013 Freightliner vehicle with Texas license plate K123806 within the scope of her employment.

3 of 8

16. At all relevant times, Crescent Street and 37th Avenue, County of Queens, City and State of New York, was/were and still is/are a public roadway/highway in common use by residents of the said state and others.

17. On February 5, 2021, at approximately 11:00 a.m., the 2013 Freightliner vehicle with Texas license plate K123806 and operated by Defendant KEYAIRA JOHNSON came into contact with a vehicle occupied by Plaintiff.

18. That by reason of the foregoing, Plaintiff sustained severe and serious personal injuries, and other injuries and damages, as hereinafter alleged.

19. That the said accident, personal injuries, and other injuries and damages sustained by the Plaintiff as a result thereof were caused solely by reason of the negligence, carelessness, wanton recklessness, and neglect of the Defendant(s), and without any negligence on the part of the Plaintiff contributing thereto.

20. That the negligence, carelessness, wanton recklessness, and neglect of the Defendant(s) consisted of the following: negligently and recklessly striking the Plaintiff; negligently and recklessly striking the Plaintiff in the rear; negligently and carelessly operated the said vehicle(s) in fast and unlawful, reckless and excessive rate of speed under the circumstances then and there existing; failure to have the said vehicle(s) under due and proper control; failure to properly guide said vehicle(s); failure to give any signs, signals, and/or warnings of the approach, by sounding bells, horns, or otherwise; failure to apply brakes timely and/or bring the vehicle(s) to a halt in order to avoid striking the Plaintiff; failure to heed or observe the Plaintiff and others

FILED: QUEENS COUNTY CLERK 06/17/2021 04:19 PM INDEX NO. 713879/2021
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 06/17/2021

lawfully on the roadway; operation of the said vehicle(s) without proper steering, braking, and/or lighting devices; failure of Defendant(s) to properly maintain the said vehicle(s); violation of the rules and regulations of the road as set forth in the Vehicle and Traffic Law of the State of New York; failure to be vigilant and keep a careful lookout; failure to yield the right of way; failure to see what ought to have been seen; operation of the said vehicle(s) in disregard of the safety of the Plaintiff; failure to take any and every precaution to ensure the safety of the Plaintiff and avoid the accident; failure of the Defendant(s) to have the said vehicle(s) equipped with visors, wipers, or other mechanical aids to clear vision at the time and place of the accident and/or clearly observe the roadway; operation of the said vehicle(s) in a careless and imprudent manner; failure to use that degree of care and prudence that the ordinary person would use under the circumstances; failure to inspect and make safe the said vehicle(s); acted with wanton reckless disregard for the safety and well-being of the Plaintiff; failure to maintain a safe and proper distance from the Plaintiff; failure to heed and/or obey any and all traffic control devices including stop signs and/or markers; that the owners allowed drivers who were inexperienced to use his/her/its vehicle; that the owners improperly trained and supervised the drivers of the subject vehicle(s); respondeat superior, vicarious liability, negligent entrustment, and negligence per se; and in otherwise being careless and negligent.

21. That the Plaintiff has sustained serious injuries as defined in Section 5102 of the Insurance Law of the State of New York, and sustained economic loss

5 of 8

greater than basic economic loss as defined in said Section, and thereby Plaintiff has the right to maintain this cause of action.

22. That this action falls within one or more of the exceptions to the limited liability rule of CPLR Article 16, including, but not limited to, CPLR 1602 (2), (5), (6), (7) and (11).

23. That by reason of the foregoing, the Plaintiff has sustained severe and serious personal injuries to said Plaintiff's body and physical health, and nervous system, was caused to endure pain and suffering continuing to date and said Plaintiff was caused to sustain other injuries and damages, all to said Plaintiff's damage.

## AS AND FOR A SECOND CAUSE OF ACTION

24. Plaintiff repeats, reiterates and realleges each and every allegation of the Complaint set forth in the prior and applicable paragraphs with the same force and effect as though said allegations were herein set forth at length.

25. At all relevant times, it was the duty of the Defendant(s) to select and screen from hiring and retention or for discharge those employees who were not fit, suitable, properly trained, and/or instructed to properly, safely, and adequately operate, maintain and repair the 2013 Freightliner vehicle.

26. At all relevant times, it was the duty of the Defendant(s) to train, discipline and supervise their servants, agents, employees and/or personnel and to promulgate and put into effect adequate and appropriate rules applicable to the activities and behaviors of their servants, agents, employees, and/or personnel concerning the operation, maintenance and repair of the 2013 Freightliner vehicle.

27. At all relevant times, the Defendant(s) failed to select and screen from hiring and retention or for discharge those employees who were not fit, suitable,

properly trained, and/or instructed to properly, safely, and adequately operate, maintain and repair the 2013 Freightliner vehicle.

28. At all relevant times, the Defendant(s) failed to train, discipline and supervise their servants, agents, employees and/or personnel and to promulgate and put into effect adequate and appropriate rules applicable to the activities and behaviors of their servants, agents, employees, and/or personnel concerning the operation, maintenance and repair of the 2013 Freightliner vehicle.

29. By reason of the foregoing, Plaintiff has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount, inclusive of punitive damages, to be determined upon the trial of this action and/or in a sum that would provide Plaintiff general relief for his/her injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant(s) in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action and/or in the sum that would provide Plaintiff general relief for his injuries and damages, altogether with the costs, disbursements, interest, and legal fees of this action.

Dated: June 17, 2021

GABRIEL LAW FIRM
Attorney for Plaintiff
2 Lincoln Avenue
Rockville Centre, NY, 11570
(516) 360-9101

STATE OF NEW YORK

COUNTY OF NASSAU

I, the undersigned, am an attorney admitted to practice law in the courts of the State of
New York, and state that I am the attorney of record for FRANK LOPEZ. I have read the
foregoing summons and verified complaint, know the contents thereof, and same are true
to my knowledge, except those matters therein which are stated to be alleged on
information and belief, and as to those matters I believe them to be true. The grounds of
my belief as to those matters not stated to be upon my own knowledge are based on
investigative materials contained in my file. The reason that I make this affirmation
instead of the Plaintiff is that the Plaintiff does not reside in the county wherein I
maintain my office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: June 17, 2021

Thomas Bernard

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------------X

FRANK LOPEZ,

Plaintiff,

-against-

FEDEJ GLOBAL CONCEPT LLC, 7 STARS EQUIPMENTS, LLC and KEYAIRA JOHNSON,

Defendants.

-----------------------------------------------------------------------X

**VERIFIED ANSWER**

Index No. 713879/2021

Defendants 7-Stars Equipments LLC, s/h/i/a 7 Stars Equipments, LLC and Fedej Global Concept LLC., by Smith Mazure, P.C., upon information and belief, answer the complaint of plaintiff as follows:

1. Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint herein designated as: 1, 10, and 13.

2. Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated 22, 25 and 26, and respectfully refers all questions of law to this Honorable Court

3. Deny each and every allegation contained in all paragraphs of the complaint herein designated as: 6, 7, 8, 17, 18, 19, 20, 21, 23, 27, 28 and 29.

4. As and for its/their response to each and every allegation contained in paragraph designated 24, defendants 7-Stars Equipments LLC, s/h/i/a 7 Stars Equipments, LLC and Fedej Global Concept LLC. repeat, reiterate and reallege each and every admission, denial and allegation heretofore made with the same force and effect as if set forth at length herein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

That the amount recoverable shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages, including, but not limited to, plaintiff's contributory negligence and/or assumption of the risk.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

There is no personal jurisdiction over the defendants as service of process has not been personally made within the State of New York nor pursuant to statutory authority.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

The plaintiff did not suffer any serious injury as defined by Section 5102 of the Insurance Law of the State of New York nor has the plaintiff sustained any economic loss as defined in Sections 5102 and 5104 of the Insurance Law of the State of New York.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

That in the event plaintiff herein have made a claim for no-fault benefits and have submitted any dispute they may have had to Arbitration, then the decision of the arbitrator(s) as to any and all issues decided by said arbitrator(s) shall collaterally estop plaintiff in this lawsuit.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

That the plaintiff was not wearing a seat belt at the time of the alleged occurrence and accordingly, any award made to and accepted by said plaintiff for injuries set forth in the complaint must be reduced in such proportion to the extent that the injuries complained of were caused, aggravated, or contributed to by plaintiff's failure to wear a seat belt and to have same operational at the time of the occurrence.

**WHEREFORE**, defendants demand judgment dismissing the complaint of Plaintiff together with the costs and disbursements of this action.

Dated: New York, New York
October 18, 2021

*Yours, etc.,*

SMITH MAZURE, P.C.
Attorneys for Defendants
7-Stars Equipments LLC, s/h/i/a 7 Stars Equipments, LLC and Fedej Global Concept LLC. 111 John Street, 20th Floor
New York, NY 10038
(516) 294-7325
NIC-00896

TO:

Gabriel Law Firm, P.C.
Attorney for Plaintiff
Frank Lopez
2 Lincoln Avenue, Suite 400
Rockville Centre, NY 11570
(516) 360-9101/(516) 268-6004 (F)

APE/mzr
8

**VERIFICATION**

Ann P. Eccher, an attorney duly admitted to practice law in the State of New York, hereby affirms the truth of the following under penalty of perjury and pursuant to CPLR 2106:

I am a member of Smith Mazure, P.C., and I have read the contents of the foregoing answer and it is true of my own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters I believe them to be true.

(X ) I make this verification because Defendants, 7-Stars Equipments LLC, s/h/i/a 7 Stars Equipments, LLC and Fedej Global Concept LLC., reside outside of the county where Smith Mazure, P.C. maintains its office.

( ) I make this verification because Defendants, 7-Stars Equipments LLC, s/h/i/a 7 Stars Equipments, LLC, Fedej Global Concept LLC. is a corporation and Smith Mazure, P.C., is its attorney in this action and my knowledge is based upon all facts and corporation records available and in my possession.

Dated: New York, New York
October 18, 2021

Ann P. Eccher

NIC-00896/8

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF QUEENS

FRANK LOPEZ, INDEX NO. 713879/2021

Plaintiff,

-against-

FEDEJ GLOBAL CONCEPT LLC, 7 STARS EQUIPMENTS, LLC and KEYAIRA JOHNSON,

Defendants.

**VERIFIED ANSWER**

**SMITH MAZURE, P.C.**
Attorneys for Defendants
7-Stars Equipments LLC, s/h/i/a 7 Stars Equipments, LLC and Fedej Global Concept LLC
111 John Street, 20th Floor
New York, NY 10038
(516) 294-7325
NIC-00896

**CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a**

Ann P. Eccher hereby certifies to the best of the undersigned's knowledge and information and belief and after an inquiry reasonable under the circumstances, that, pursuant to 22 N.Y.C.R.R. §130-1.1a-b, (1) the contentions contained in the annexed document are not frivolous as defined in section 130-1.1(c) of this Subpart, and (2) where the paper is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned there from, and (ii) the matter was not obtained in violation of 22 NYCRR 1200.41-a [DR 7-111].

Dated: New York, New York
October 18, 2021

Ann P. Eccher

APE/mzr
8

RECEIVED OCT 27 2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

FRANK LOPEZ,

Plaintiff,

-against -

FEDEJ GLOBAL CONCEPT LLC,
7 STARS EQUIPMENTS, LLC and
KEYAIRA JOHNSON,

Defendants,

Index No. 713879/2021

**VERIFIED BILL OF PARTICULARS**

Plaintiff, by his attorneys, the GABRIEL LAW FIRM, as for his Verified Bill of Particulars, pursuant to the Demands of the Defendant(s), FEDEJ GLOBAL CONCEPT LLC and 7 STARS EQUIPMENTS, LLC, respectfully alleges:

1. Plaintiff's Name: Objection. Plaintiff's name is in the caption.
2. Date of Birth, Place of Birth, Social Security Number: Date of Birth: Objection. Plaintiff's date of birth is neither material or necessary for the defense of this action. Without waiving this objection, Plaintiff was born in 1992; Place of Birth: Objection. Improper demand for a Bill of Particulars. Furthermore, Plaintiff's date of birth is neither material or necessary for the defense of this action. Social security number: Objection. Plaintiff's social security number will not be provided within Plaintiff's Verified Bill of particulars. Entral Group Int'l, LLC v. YHCL Vision Corp, 436 F. Supp. 2d 404 (E.D.N.Y. 2006). NY CLS Gen Bus § 399-ddd.
3. Address: Objection. Plaintiff's address is neither material or necessary for the defense of this action. Without waiving this objection, Plaintiff was, and is, a resident of the County of Queens, City and State of New York.

4. Date of accident: February 5, 2021. Time: approximately 11:00 a.m.

5. Location, Direction: Location: The accident occurred on Crescent Street at or near 37th Avenue, County of Queens, City and State of New York. Direction: Objection. Improper demand for a Bill of Particulars as it is evidentiary in nature. Details of the manner in which the accident occurred are not required to be set forth in a Bill of Particulars. Dimarco v. Consolidated Rail Corp., 131 A.D.2d 627 (2nd Dept. 1987). Evidentiary materials are not required to be set forth in a Bill of Particulars. Tully v. North Hempstead, 519 N.Y.S.2d 764 (2nd Dept. 1987); Bouton v. County of Suffolk, 509 N.Y.S.2d 846 (2nd Dept. 1986); Palazzo v. Abbate, 45 A.D.2d 760 (2nd Dept. 1974).

6. Negligence: Plaintiff was struck by a vehicle (the "said vehicle") owned, driven and occupied by Defendants. The negligence, carelessness, wanton recklessness, and neglect of the Defendant(s) consisted in the following: negligently and carelessly operated the said vehicle in fast and unlawful, reckless and excessive rate of speed under the circumstances then and there existing; failure to yield the right of way; negligently striking Plaintiff's parked vehicle; failure to have the said vehicle under due and proper control; failure to properly guide said vehicle; allowing or causing said vehicle to skid; allowing or causing said vehicle to leave the road; failure to give any signs, signals, and/or warnings of the approach, by sounding bells, horns, or otherwise; failure to heed or observe the Plaintiff and others lawfully on the roadway; failure to see what ought to have been seen; operation of the said vehicle without proper steering, braking, and/or lighting devices; failure of Defendant(s) to properly maintain the said vehicle; violation of the rules and regulations of the road as set forth

in the Vehicle and Traffic Law of the State of New York; failure to be vigilant and keep a careful lookout; operation of the said vehicle in disregard of the safety of the Plaintiff and others; failure to take any and every precaution to ensure the safety of the Plaintiff and avoid the accident; failure of the Defendant(s) to have the said vehicle equipped with visors, wipers, or other mechanical aids to clear vision at the time and place of the accident and/or clearly observe the Plaintiff and roadway; operation of the said vehicle in a careless and imprudent manner; failure to remain awake and alert; failure to use that degree of care and prudence that the ordinary person would use under the circumstances; failure to inspect and make safe the said vehicle; acted with wanton reckless disregard for the safety and well-being of the Plaintiff; failure to maintain a safe and proper distance from the Plaintiff causing injury to Plaintiff; failure to heed and/or obey any and all traffic control devices; failure to remain at the scene of the accident; Defendant(s) negligently and carelessly permitted and allowed  incompetent, inexperienced, and otherwise unsafe persons to operate said vehicle, knowing and/or should have known said persons were unsafe drivers, with prior traffic infractions; failure to properly hire, train, and supervise employees and drivers; negligent and careless in the hiring and training practices utilized by the Defendant(s) in that the said agents, servants, and/or employees were improper, inadequate, and otherwise incompetent and unqualified; negligent and careless in the screening and retention of the said agents, servants, and/or employees; negligent and careless in the supervision of the said agents, servants, and/or employees; doctrines of res ipsa loquitur, respondeat superior, vicarious liability, negligent entrustment, and negligence per se.

7. Owner, Make, Model: Objection. Improper demand for a Bill of Particulars as it is evidentiary in nature. Without waiving this objection, this information can be found on the police report for this case which is a public record.

8. Points of Contact: Objection. Improper demand for a Bill of Particulars as it is evidentiary in nature. Details of the manner in which the accident occurred are not required to be set forth in a Bill of Particulars. Dimarco v. Consolidated Rail Corp., 131 A.D.2d 627 (2nd Dept. 1987). Evidentiary materials are not required to be set forth in a Bill of Particulars. Tully v. North Hempstead, 519 N.Y.S.2d 764 (2nd Dept. 1987); Bouton v. County of Suffolk, 509 N.Y.S.2d 846 (2nd Dept. 1986); Palazzo v. Abbate, 45 A.D.2d 760 (2nd Dept. 1974). Without waiving this objection, this information can be found on the police report for this case which is a public record.

9. Objection. Defendant(s) violated those laws, statutes, codes, rules, regulations and ordinances in such cases made and provided of which the Court will take judicial notice at the time of trial of this action. Such are not required to be set forth in the Bill of Particulars. Kwang Kim v. A & K Plastic, 519 N.Y.S.2d 24 (2nd Dept. 1987); Boutin v. County of Suffolk, 509 N.Y.S.2d 846 (2nd Dept. 1986); Langella v. D'Agostino, 471 N.Y.S.2d 454 (1983); Rothstein v. City University, 562 N.Y.S.2d 340 (1990); Sansivero v. Garz, 20 A.D.2d 723 (2nd Dept. 1964). Without waiving this objection, Plaintiff reserves his right to have the Court take judicial notice of every applicable law, statute, code, rule, regulation and ordinance violated by the Defendant(s) at the time of trial, including, but not limited to, Vehicle and Traffic Law of the State of New York, including, but not limited to, Sections 375, 376, 376-a,

388, 1101, 1110, 1111, 1111-a, 1160, 1163, 1164, 1165, 1180, 1180-a, 1180-b, 1192, 1212, 1226 and CPLR 1602 (1), (2), (5), (6), (7) and (11).

10. Plaintiff sustained the permanent injuries:

- LEFT KNEE
    - Surgery – 4/9/21 – Dr. Anjani Sinha (All City Family Health Center)
        - Arthroscopy;
        - Partial medial meniscectomy;
        - Partial lateral meniscectomy;
        - Coblation Arthroplasty of the medial compartment;
        - Extensive Synovectomy;
        - Abrasion Arthroplasty of the lateral compartment.
    - Tear of the medial and lateral meniscus;
    - Focal horizontal tear of the medial meniscus;
    - Traumatic medial meniscus tear;

- CERVICAL SPINE
    - Surgery – 9/13/21 – Danada Clinic
        - C7/T1Interlaminar Epidural Steroid Injection;
        - Fluoroscopy.
    - C2/3 protrusions at the proximal foramina bilatterally;
    - C4/5 diffuse disc bulge;
    - C5/6 diffuse disc bulge;
    - C6/7 diffuse disc bulge;
    - C6/7 left paramedian herniation partially effacing the anterior subarachnoid space;
    - C6/7 anterior cervical discectomy and fusion recommended;
    - Straightening of the cervical lordosis suggesting severe spasms;
    - Cervical Disc Disorder with Radiculopathy.
    - Cervical muscle strain;
    - Cervical ligament sprain;
    - Cervical spine radiculopathy;
    - Cervicalgia;

- LUMBAR SPINE
    - Surgery – 8/11/21 – Precision Pain Medicine
        - L5/S1 Epidural Steroid injection;
        - Fluoroscopy and Contrast.
    - L1/2 annular tear and posterior disc bulge effacing anterior epidural fat and encroaching L1 nerve;

- L2/3 annular tear and posterior disc bulge effacing anterior epidural fat and encroaching L2 nerve;
- L4/5 annular tear and posterior disc bulge effacing anterior epidural fat and encroaching L4 nerve;
- Lumbosacral Ligament Sprain;
- Lumbosacral Spine Radiculopathy;
- Low Back Pain;

- LEFT SHOULDER
  - Tear of the supraspinatus tendon;
  - Tendinitis at the supraspinatus and infraspinatus tendons.
  - Traumatic rotator cuff tear;
  - Traumatic bursitis;
  - Traumatic Tendinitis;

Pain and suffering continuing to date. Except for bruising, all injuries are permanent. The above injuries are accompanied by severe pain, tenderness, swelling, stiffness, discomfort, distress, weakness, stress, restriction of motion and with related injuries, damages, compromise and degeneration of the underlying soft tissues, blood vessels, bones, nerves, tendons, ligaments and musculature and all of the natural and probable consequences flowing therefrom including surgery. Impairment of spinal integrity. Plaintiff has and will continue to experience impairment, disruption and difficulties with daily activities, including significant impairment of numerous daily activities that Plaintiff had previously taken for granted. Embarrassment, humiliation, self-consciousness, and distress. Limitations, diminution and/or impairment of functions, activities, avocation and other activities which Plaintiff engaged in prior to this accident. Also see attached copies of medical reports and hospital records received to date. Please take notice that to the extent Defendant(s) claim that any injuries sustained by the Plaintiff were caused by pre-existing and/or degenerative conditions, the Plaintiff alleges that any so-claimed pre-existing and/or degenerative conditions

were latent, inactive or dormant and were exacerbated, activated and/or aggravated by the acts and omissions of the Defendant(s) giving rise to the accident and injuries set forth herein. Subject to supplementation/amendment.

11. Limitations of Motion: See item "10", *supra.*

12. Hospitals: Objection. Improper demand for a Bill of Particulars. Without waiving this objection, see item "6 and 14" for the names and addresses of all medical providers known to date. Confined to Hospital: upon information and belief, zero days.

13. Plaintiff was confined to:

    a. Bed: upon information and belief, 28 days (except for medical care and attention) and intermittently to date;

    b. Home: upon information and belief, plaintiff has been confined to home intermittently since the date of accident to the present (except for medical care and attention);

14. (a-b) Employers/Self-Employment: Objection. There is no claim for lost earnings. Plaintiff reserves his right to assert a claim for future lost earnings. Fortunato v. Personal, 817 N.Y.S.2d 649 (2nd Dept. 2007); Rahman v. Domber, 45 A.D.3d 497 (1st Dept. 2007).

15. Student: Objection. N/A.

16. Incapacitated from Employment: Objection. There is no claim for lost earnings. Plaintiff reserves his right to assert a claim for future lost earnings. Fortunato v. Personal, 817 N.Y.S.2d 649 (2nd Dept. 2007); Rahman v. Domber, 45 A.D.3d 497 (1st Dept. 2007).

17. Period of:

    a.  Total Disability: 45 days

    b.  Partial Disability: Plaintiff has been partially disabled since the date of accident to present.

    c.  Unable to Pursue Occupation: Objection. Plaintiff is not claiming lost wages.

18. Special Damages:

    a.  Physicians' services and medical supplies: Upon information and belief, included in hospital expenses.

    b.  Medical supplies: Upon information and belief, included in hospital expenses.

    c.  Hospital expenses: See items #6 and #20 in Plaintiff's Responses to Combined Demands. Objection. Upon information and belief, this amount is ongoing and cannot be ascertained at this time. Without waiving this objection, Plaintiff reserves the rights to supplement this response up to and including the time of trial. Shahid v. N.Y.C.H. &H.C., 47 A.D.3d 798 (2nd Dept. 2008); Scherrer v. Time, 27 A.D.3d 208 (1st Dept. 2007); Zenteno v. Geils, 17 A.D.3d 457 (2nd Dept. 2005); Allen v. Braxton, 21 A.D.3d 1272 (4th Dept. 2005).

    d.  Nurses' services: Upon information and belief, included in hospital expenses.

    e.  Radiological services: Upon information and belief, included in hospital expenses.

    f.  Lost Earnings: Objection. There is no claim for lost earnings. Plaintiff reserves his right to assert a claim for future lost earnings. Fortunato v.

Personal, 817 N.Y.S.2d 649 (2nd Dept. 2007); Rahman v. Domber, 45 A.D.3d 497 (1st Dept. 2007).

g. Lost Income: Objection. There is no claim for lost income. Plaintiff reserves his right to assert a claim for future lost earnings. Fortunato v. Personal, 817 N.Y.S.2d 649 (2nd Dept. 2007); Rahman v. Domber, 45 A.D.3d 497 (1st Dept. 2007).

h. Other special damages: Pain and suffering continuing to date: $5,000,000.00. Plaintiff may seek to supplement and/or prove further, additional and/or continuing special damages and impairment. Subject to supplementation/amendment pursuant to CPLR § 3043(b).

19. Earnings 2 Years Prior: Objection. There is no claim for lost earnings. Plaintiff reserves his right to assert a claim for future lost earnings. Fortunato v. Personal, 817 N.Y.S.2d 649 (2nd Dept. 2007); Rahman v. Domber, 45 A.D.3d 497 (1st Dept. 2007).

20. § 5102(d) Serious Injury: **Plaintiff has permanent scarring due to this accident**. Upon information and belief, permanent loss of use of body organ(s), member(s), function(s), or system(s); upon information and belief, permanent consequential limitation of body organ(s) or member(s); upon information and belief, significant limitation of use of body function(s) or system(s); medically determined injury(s) or impairment(s) which prevented Plaintiff from performing substantially all of the material acts which constituted Plaintiff's usual and customary daily activities for the statutory period of ninety out of the first one hundred and eighty days. Economic loss greater that basic economic loss: Upon information and belief, Plaintiff suffered, and continues to suffer economic loss in excess of $50,000.00 inclusive of all necessary

expenses incurred for medical, hospital (including services rendered in compliance with article forty-one of the public health law, whether or not such services are rendered directly by a hospital), surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services; any non-medical remedial care and treatment rendered in accordance with a religious method of healing recognized by the laws of this state; and any other professional health services; all without limitation as to time, provided that within one year after the date of the accident causing the injury it is ascertainable that further expenses may be incurred as a result of the injury.

Pursuant to CPLR 3022, Plaintiff rejects Defendant(s)'s Answer as improperly verified.

Plaintiff reserves the right to submit a Verified Further, Supplemental and/or Amended Bill of Particulars up to and including the time of trial. Shahid v. N.Y.C.H. &H.C., 47 A.D.3d 798 (2nd Dept. 2008); Scherrer v. Time, 27 A.D.3d 208 (1st Dept. 2007); Zenteno v. Geils, 17 A.D.3d 457 (2nd Dept. 2005); Allen v. Braxton, 21 A.D.3d 1272 (4th Dept. 2005).

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in this document are not frivolous.

Dated: Rockville Centre, NY
October 21, 2021

By: Thomas Bernard, Esq.
GABRIEL LAW FIRM, P.C.
Attorneys for Plaintiff
2 Lincoln Avenue, Suite 400
Rockville Centre, New York 11570
516-360-9101
GLF20-1541

TO:

SMITH MAZURE, P.C.
*Attorneys for Defendants*
*Fedej Global Concept LLC and*
*7 Star Equipments, LLC*
111 John Street, 20th Floor
New York, NY 10038
516-294-7325

STATE OF NEW YORK)

COUNTY OF NASSAU ) SS:

I, the undersigned, am an attorney admitted to practice law in the courts of the State of New York, and state that I am the attorney of record for plaintiff, Frank Lopez. I have read the forgoing Verified Bill of Particulars and Discovery Responses, know the contents thereof; and the same are true to my knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true. The grounds of affirmant's belief as to those matters not stated to be upon affirmant's own knowledge, are based upon investigative material contained in affirmant's file. The reason I make this affirmation instead of the Plaintiff is because the Plaintiff does not reside in the county wherein I maintain my office.

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in this document are not frivolous.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: Rockville Centre, New York
October 21, 2021

THOMAS G. BERNARD, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.: 511954/2020

FRANK LOPEZ,

Plaintiff,

- against -

FEDEJ GLOBAL CONCEPT LLC,
7 STARS EQUIPMENTS, LLC and
KEYAIRA JOHNSON,

Defendant(s).

**VERIFIED BILL OF PARTICULARS**

**GABRIEL LAW FIRM, P.C.**
Attorneys for Plaintiff
*Office and Post Office Address and Telephone*
2 Lincoln Avenue, Suite 400
Rockville Centre, New York 11570
516-360-9101